LAVINA J. WHITESIDES

*v.*

DOUGLAS S. TAYLOR *et al.*

*Filed at Ottawa September 27, 1882—Rehearing denied March Term, 1883.*

1. RESCISSION OF CONTRACT—*setting aside sale procured by misrepresentation.* A party selling his interest in premises supposed he was selling to a person interested in the same, but in fact conveyed to another party, who held the legal title for the entire property in trust for himself and the other two: *Held,* that this misapprehension on the part of the grantor afforded no reason for setting aside the conveyance, as it could not have prejudiced his rights,—but if it were otherwise, the fact that he conveyed to the trustee was enough to put him on inquiry, if material to know with which party he was dealing.

2. FRAUD—*sunpressio veri—confidential relation.* One occupying a confidential relation to the owner of an interest in land as his trustee, in dealing with such owner for a purchase of his interest is not bound to disclose to him the sale of a half interest in the property previously made by such trustee, when the deed evidencing such sale has been recorded, and such owner, before that time, had learned of such sale by the trustee, and filed a bill to set it aside.

3. SAME—*when duty to disclose facts ceases.* After the filing of a bill by a *cestui que trust* against the trustee and others to avoid a sale made by the trustee, placing the parties in direct antagonism in any dealings thereafter between them for the purchase of the interest of the *cestui que trust* by the trustee, if the former desires further information from the latter respecting the property and its condition, it is as much the duty of the party desiring the information to make inquiry of the trustee, as it is his duty to give information.

4. SAME—*when party is responsible for representations of another.* The purchaser of an interest in land will not be held responsible for the

representations of a mere go-between, not strictly the agent of either party, made to the vendor to induce the sale, and communicating to each matters coming from the other, especially when the representations seem to have been made on his own account, and from his own promptings, to sustain his own interests.

APPEAL from the Circuit Court of Cook county; the Hon. GEORGE GARDNER, Judge, presiding.

Mr. C. A. GREGORY, and Mr. C. B. LAWRENCE, for the appellant:

In equity the law is, that where a trustee takes a profit under his own abuse of the trust, a fraudulent purpose will be presumed. *Harrison* v. *Smith,* 2 Heisk. 230; Bigelow on Fraud, 237.

One can not take any benefit under false and fraudulent representations made by his agent. Kerr on Mistake and Fraud, 111, 112.

Although an attorney or trustee can show that he is entitled to purchase, yet if, instead of openly purchasing, he purchases in the name of a trustee or agent without disclosing the fact, the purchase can not stand. *Lewis* v. *Killman,* 3 H. L. Cases, 630; *Popham* v. *Exham,* 10 Irish Ch. 440; 2 Sugden on Vendors, 690; *Eldridge* v. *Walker,* 60 Ill. 230.

There is no evidence that Mrs. Whitesides knew that there was an agreement between Taylor, Nix and Krimball that the latter should get her interest as a condition of his selling to Willoughby at the price of $300 per acre. It was a fraud on her to withhold this information. *Baugh* v. *Price,* 1 Wils. 320; *Negley* v. *Lindsay,* 67 Pa. St. 217; *DeMontmorency* v. *Deveraux,* 7 Cl. & Fin. 225; *Eldridge* v. *Walker,* 60 Ill. 230.

The burden of proof of knowledge lies on him who alleges acquiescence, and sets it up as a defence. *Bennett* v. *Colby,* 2 M. & K. 225; *Burroughs* v. *Walls,* 5 De G. M. & G. 233; *Life Association* v. *Siddall,* 3 De G. F. & J. 58; *Wall* v. *Cockerell,* 10 H. L. Cases, 229; *Spackman's case,* 34 L. J. Ch. 329.

· In cases of fraudulent concealment and representation, it is no answer that the truth might have been learned on inquiry. *Central Railroad* v. *Kirsh,* L. R. 3 H. R. 99; *Davis* v. *Park,* 103 Mass. 501; Story's Eq. sec. 400. On concealment and confidential relations, see 1 Perry on Trusts, 179, 210, 251. On misrepresentation, see same, p. 193, sec. 171. Arms' length reliance on misrepresentation, see Kerr on Mistake and Fraud, 77–81. Agent's misrepresentation, see same, 111, 112; Perry on Trusts, sec. 172.

Messrs. BOOTH & BOOTH, for the appellees:

Whitesides gave nothing, originally,—not even the weight of his name,—for the equity now claimed for his wife. He paid nothing for the interest. He who seeks equity must do equity.

By filing her bill December 12, 1879, complainant distinctly placed Krimball in an antagonistical position, and all confidential and fiduciary relations ceased. They dealt thereafter as strangers,—at arms' length.

Krimball was not only a trustee, but also an owner, and in dealing with the property was necessarily influenced more or less by his own individual interest, and the other parties must be presumed to know this in dealing with him.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

This is a suit in chancery, brought in the circuit court by appellant, as complainant, against Taylor, Krimball and Nix, seeking to set aside a deed made by her to Andrew Krimball, January 5, 1880, conveying to him all her interest in a tract of land mentioned in the deed, and for other incidental relief. This relief is sought upon the allegation that the deed was procured from her by fraudulent representations made by Krimball, and by fraudulent suppression of facts which he ought to have made known to her. The circuit court, at a

hearing upon bill, answers, replications and proofs, dismissed the bill for want of equity, and complainant appeals to this court.

After a careful consideration of all the evidence, and of the forcible suggestions of counsel for appellant, we think the decree of the circuit court was right. If the testimony of Krimball, Taylor and Nix be worthy of credence, clearly appellant has no just cause of complaint. And even if the testimony of the complainant and that of her husband be regarded as the more reliable, the right of complainant to the relief sought remains very questionable. When the sale of January 5, 1880, was made by complainant, there was a lawsuit pending, in which she and Krimball and Taylor were antagonists. She sold, as she supposed, to Taylor, but made the deed to Krimball. It is not perceived wherein she was prejudiced by that misapprehension. If it were otherwise, when she made the deed to Krimball she had in that fact enough to put her on inquiry, if she regarded it material for her to know whether she was dealing with Taylor or Krimball.

It is contended that Krimball occupying the position of trustee for appellant as *cestui que trust*, it thereby became his duty to disclose to her the fact that a sale of one-half the trust property had been made to Willoughby, and that money had been realized upon that sale sufficient to pay so much of the mortgage debt as was then due, and thus relieve the residue of the property from the danger of an immediate foreclosure. But it appears, from the evidence, that the deed from Krimball to Willoughby had been placed upon record; that from this deed it was apparent that $6000 had been received upon that sale. It also appears that the complainant had knowledge of the contents of this deed, and had filed her bill against Taylor, Krimball, and others, complaining that this had been done. Krimball had no reason to suppose that she was ignorant of the true state of the case. The filing of her bill had placed them in an antagonistical

position. If she desired further information from Krimball, it was as much her duty to make inquiry of him as it was his duty to give information.

It is insisted, however, that Nix was the agent of Krimball, and in the negotiation for the purchase of complainant's interest he assured her that no money had been realized from that sale; that Krimball is responsible for the representations alleged to have been made by Nix. Taking the whole of the testimony in consideration, we can not regard Nix as any more the agent for Krimball than he was the agent in behalf of complainant. Taylor and Nix had assured Krimball that the interest of complainant could be bought for him at $500, and upon that assurance he had consented to make the sale to Willoughby, to consummate the purchase. He afterwards learned that it could not be accomplished for less than $600. Nix and Taylor were both interested in accomplishing this negotiation. Nix was requested by complainant's husband, who acted for her, to consummate the settlement. He was authorized by Krimball to pay the $600 for complainant's interest. He occupied to these parties the position of a go-between, not being strictly the agent of either, and yet communicating to each matters as coming from the other. The representations that he made seem to have been made on his own account, and from his own promptings, to subserve his own interests; and under all the circumstances we do not think that Krimball should be held responsible for them.

It is not shown that the price paid at the time was not a reasonably adequate price for the interest of complainant as it then stood. Upon the whole, we think the proof fails entirely to charge Krimball with the fraud alleged in the bill.

The decree of the circuit court is therefore affirmed.

*Decree affirmed.*