## Lee Wadleigh, James Buffo and John Buffo v. W. A. Robbins and Anna E. Robbins.

1. WARRANTY—*Burden of Proof.*—The burden of proving a warranty is upon the party alleging it to exist.

In Equity.—Bill of foreclosure. Appeal from the Circuit Court of Kankakee County; the Hon. C. R. STARR, Judge, presiding. Heard in

this court at the May term, 1897.  Reversed and remanded with directions.  Opinion filed December 17, 1897.

W. R. Hunter, attorney for appellants.

O. G. Bartlett, attorney for appellees.

Mr. Justice Lacey delivered the opinion of the Court.

The appellant Wadleigh, in 1893, sold to appellee W. A. Robbins a stallion named "Stub" for the sum of $800, and paid on same $300 in mules and colts, and was to pay balance in two payments of $250 each.

By subsequent arrangement between Wadleigh and Robbins the former threw off $100, and appellant Wadleigh took two promissory notes for balance, one for $100 secured by chattel mortgage, and one for $300 secured by real estate mortgage on acres of land described in the bill, and said Robbins and Anna E., his wife, executed the same.  The note was signed by appellee Wm. A. Robbins and Anna E., his wife, payable to Lee Wadleigh, for $300, due June 15, 1895, with interest at seven per cent after April 15, 1894, and was dated April 15, 1893.

The note was by the payee indorsed for a valuable consideration to James and John Buffo, under the name and style of Buffo Bros., on the 19th day of October, 1893.  Appellee Robbins filed a bill March 26, 1896, against appellant Wadleigh, setting up a warranty that the stallion was imported when two years old, was sound and all right in every respect, sure colt getter, and would then weigh 1700 pounds, and that he relied on said warranty and bought the horse. The bill further avers that the horse was not imported, and was not a sure colt getter, and was unsound and subsequently died.

Wadleigh answered the bill denying the charges therein contained of a warranty of the horse, and setting up the assignment of the notes and mortgage to Buffo Bros.

On November 21, 1894, Buffo Bros., the appellants, filed their bill in the Circuit Court against Wm. A. and Anna E. Robbins, praying a foreclosure of said mortgage and a sale of the land to pay said note.

Robbins and wife answered, setting up the same facts as set out in their original bill as a defense to the asked-for foreclosure. They then filed a cross-bill against Buffo Bros. asking same relief prayed for in the original bill.

The cases were all consolidated and matter referred to master to take evidence, and it was then stipulated by all parties that all proper pleadings should be considered in.

The testimony was taken before the master and filed with the report. The case was heard before the court, it granting the relief prayed for in the bill and cross-bill of Robbins and wife, and rendered decree that the note and mortgage be held for naught and canceled, and decreed that the said mortgage be released.

From which decree appellant, Lee Wadleigh, using the name of Buffo Bros. as permitted by the statute, has appealed to this court, and the case now comes before us for review.

We have given the evidence careful consideration, and fail to reach the same conclusions as those found by the Circuit Court.

One of the main contentions was that the horse was sold to appellee Robbins by appellant Wadleigh through the agency of one Henry Ingalls, and that Ingalls warranted and represented the horse as claimed. We think the proof fails to show that Ingalls was the agent of Wadleigh in making sale of the horse.

It appears to us that whatever statement Ingalls may have made to Robbins about the horse being sound, imported, or a sure foal getter, was made as a mere volunteer, and without the authority of Wadleigh, and that he was a "mere go-between," and that his statements concerning the horse, even if false, would not be binding on Wadleigh. Whitesides v. Taylor, 105 Ill. 496.

It appears quite clear that Wadleigh, at the time the trade was consummated, made no statements as to the alleged warranty of the horse, similar to those alleged to have been made to Robbins by Ingalls, and the matter was not stated to Wadleigh by Robbins.

The horse appeared well and was sound, and had a good reputation in the neighborhood where he was traveled.

But even conceding the warranty was made as claimed, we think the evidence fails to show that the stallion was not sound and not a sure colt getter at the time the sale was made and the purchase consummated. The burden of proof was on appellee to show this, and we think he has failed to do so.

For the want of proof to support appellee's bill and cross-bill, the decree of the court below is reversed and the cause remanded, and, being of the opinion that the equities are with appellants, Buffo Bros., on their bill praying foreclosure, the court below is directed to dismiss appellee's bill and cross-bill and enter a decree of foreclosure in favor of James and John Buffo, appellants, on the bill for foreclosure.

Decree reversed and cause remanded with directions.